**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SANTIAGO I. G.,

Petitioner,

v.

TODD BLANCHE, *Attorney General of the United States*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director of U.S. Immigration & Customs Enforcement*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration & Customs Enforcement*; and JOEL BROTT, *Sheriff of Sherburne County*,

Respondents.

Case No. 26-cv-4522 (LMP/JFD)

**ORDER GRANTING HABEAS PETITION**

---

Maria Miller, **Martin Law, Bloomington, MN**, for Petitioner.

Sarah Mazzie, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Santiago I. G.[2] brings a petition for a writ of habeas corpus challenging the lawfulness of his arrest and immigration detention. For the following reasons, the

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Joel Brott has not participated in these proceedings.

[2] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of non-governmental parties in immigration cases. No disrespect is intended in doing so.

petition is granted, and the Court orders Respondents to provide Santiago a bond redetermination hearing within seven days of the date of this Order.

## BACKGROUND

Santiago is a citizen and native of Ecuador. ECF No. 1 ¶ 3; ECF No. 5-7 at 2. In 2023,[3] a United States Border Patrol agent arrested Santiago in Arizona and issued him a Notice and Order of Expedited Removal (Form I-860). ECF No. 5-7 at 2. After Santiago claimed fear of harm in Ecuador, immigration officials concluded that Santiago's fear was credible and granted him parole into the United States. ECF No. 5-1 ¶ 6. On November 3, 2023, immigration officials issued and served Santiago with a Notice to Appear (Form I-862). *Id.* ¶ 7; ECF No. 5-7 at 2.

The Columbia Heights Police Department arrested Santiago in Minnesota on October 3, 2026, for driving while impaired and without a valid license. ECF No. 5-7 at 2. Other than this charge, which remains pending, Santiago has no criminal history. *See id.* The next day, while Santiago was in the Anoka County Jail, Immigration and Customs Enforcement ("ICE") learned of Santiago's arrest through a biometrics match. *Id.* After a search of government databases indicated that Santiago is an inadmissible noncitizen, ICE issued an I-200 arrest warrant and lodged an I-247A immigration detainer for Santiago.

---

[3] In his reply, Santiago states that he "was released from immigration detention in 2020 as an unaccompanied minor." ECF No. 6 at 3. Santiago was born in 1998 and came to the United States first in 2023, *see* ECF No. 5-3 at 1; ECF No. 1 ¶ 3, so this sentence is factually incorrect. Counsel is reminded of the obligation to present the factual record "with accuracy and candor." *Pinkham v. Sara Lee Corp.*, 983 F.2d 824, 833 (8th Cir. 1992).

*Id.*; ECF No. 5-6. The I-200 warrant was issued "pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act." ECF No. 5-6.

On or around October 6, ICE encountered Santiago at the Anoka County Jail. *Id.*; ECF No. 5-1 ¶ 11. After an ICE officer identified himself, served Santiago with the I-200 warrant,[4] and arrested Santiago, ICE transported Santiago for processing. ECF No. 5-7 at 2. Santiago remains detained at the Sherburne County Jail, and nothing suggests that his custody has been reviewed by an immigration judge.[5] ECF No. 1 ¶ 19.

Santiago filed this petition for a writ of habeas corpus on October 19, 2026. *See generally* ECF No. 1. Santiago alleges that ICE violated his Fourth Amendment right to be free from unreasonable seizure, citing timing issues and inconsistencies with the I-200 arrest warrant. ECF No. 1 ¶¶ 91–99. Santiago also alleges that his detention violates his Fifth Amendment rights to substantive and procedural due process. *Id.* ¶¶ 70–90; ECF No. 6 at 13–14. Santiago further claims that his re-detention after his 2023 release violates the Fourth Amendment and Section 706(2) of the Administrative Procedure Act. *Id.*

---

4 ICE certifies that an officer served Santiago with the I-200 warrant at the jail, *see* ECF No. 5-6, but Santiago claims service did not occur, *see* ECF No. 6 at 8.

5 The Government notes that Santiago was "scheduled to appear before an immigration judge" on October 27, 2026. ECF No. 5 at 3. There is no indication that this hearing occurred or, if it did, that the Immigration Judge reviewed Santiago's custody. The Court takes judicial notice that Santiago's next master hearing is scheduled for November 17, 2026, from the Executive Office for Immigration Review (EOIR) Automated Case Information System. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (The Court "may take judicial notice of judicial opinions and public records.").

¶¶ 100–12. Santiago seeks either immediate release from ICE custody or a custody hearing before a neutral adjudicator. *Id.* at 47–48.

**ANALYSIS**

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

## I. Warrant Validity Claim

Start with Santiago's Fourth Amendment challenge to the validity of the I-200 warrant. Santiago alleges that although ICE had a warrant, there are "material disputes of fact" as to when ICE issued and served the warrant. ECF No. 6 at 8.

Issuing a warrant is a "necessary condition to justify discretionary detention under section 1226(a)." *Joaquin Q. L. v. Bondi*, No. 26-cv-0233 (LMP/DTS), 2026 WL 161333, at *2 (D. Minn. Jan. 21, 2026) (citation modified). The Government offers an I-200 warrant, which was signed and dated October 4, 2026. *See* ECF No 5-6. The Government further attests that agents served Santiago with this warrant before arresting him, two days later, on October 6 at the Anoka County Jail. ECF No. 5-1 ¶ 11. The warrant would, as a result, appear to fit the bill.

But Santiago disputes this account, asserting first that the warrant's metadata "shows that the document was created on October 22, 2026." ECF No. 6 at 8. But the

*electronic* document's creation date does not indicate when the *physical* warrant itself was issued. The creation date just shows when the Government created this particular electronic file. In fact, the metadata lists the I-200's "CreatorTool" as "PFU ScanSnap Manager," ECF No. 5-6,[6] which shows that a scan created the electronic document. The evidence in the record confirms that the Government issued the physical warrant before Santiago's arrest. Specifically, the Form I-213 notes that Deportation Officer Torres lodged an immigration detainer (Form I-274A), and Supervisory Detention and Deportation Officer Robson issued a warrant for arrest (Form I-200) on October 4, 2026. ECF No. 5-7 at 2. Besides the metadata, Santiago offers no evidence that the Government created the warrant after his arrest, and Santiago bears the burden to offer "more than speculation" to support his claims.[7] *See Tanneh W. S. v. Blanche*, No. 26-cv-2775

---

[6] The metadata is visible in Adobe Acrobat after downloading the document from CM/ECF. The Court provides a screenshot of the metadata below:




[7] Given that Santiago has not raised a claim beyond speculation that ICE did not have a valid warrant, his request for an evidentiary hearing, ECF No. 6 at 7–9, is denied. *See Berchie v. Bondi*, No. 25-cv-3197 (KMM/SGE), 2025 WL 4943114, at *2 (D. Minn. Nov. 4, 2025) (denying petitioner's request for evidentiary hearing "based on nothing more than [petitioner's] belief that something fishy occurred" without "any evidence whatsoever to support his conjecture").

(LMP/EMB), 2026 WL 1801140, at *3 (D. Minn. June 23, 2026); *see also Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 701 F. App'x 544, 545 (8th Cir. 2017) (holding that limited discovery is not warranted when a party does not "offer anything more than speculation").

As further support for his warrant validity claim, Santiago contends that the Government "never provided any documents" to him. ECF No. 6 at 8. But the Government need not serve a warrant before making an arrest, as long as a warrant has been issued. *See Andrés C. C. v. Blanche*, No. 26-cv-3220 (LMP/SGE), 2026 WL 2137334, at *2 (D. Minn. July 24, 2026) (concluding that Section 1226(a) requires only that an I-200 warrant be *issued*, not *served*, before an arrest).

Finally, Santiago alleges that "inconsistencies" within the Government's statements and documents "cast a shadow on the veracity of the documents before the Court." ECF No. 6 at 8–9. For example, Santiago notes that the record does not indicate "what biographic informa[ti]on was used to identify" Santiago. *Id.* at 8. Yet Santiago does not point to a legal requirement that the Government explain the specific information that ICE used to identify Santiago. And even if Santiago did cite a legal requirement, the Government provided a summary of its process, noting that ICE "reviewed a biometric match associated with a booking record at the Anoka County Jail." ECF No. 5-7 at 2. Further, Santiago faults the I-200 warrant for stating that "it was issued due to the pendency of ongoing removal proceedings," while the I-213 references a biometrics match. ECF No. 6 at 8. But that's not inconsistent. While Santiago's detention is based on biometric confirmation, it is also based on "the pendency of ongoing removal proceedings against"

him. *See* ECF No. 5-7 at 2 (noting both the biometric match and Santiago's 2023 Notice to Appear). ICE could have been more precise by checking both boxes on the I-200 but selecting one of two applicable reasons does not render the warrant invalid. One reason is enough. The purported "inconsistencies" identified by Santiago do not invalidate the I-200.

In sum, because the record shows that ICE issued a warrant before arresting Santiago, Santiago's Fourth Amendment claims are denied. *See Tanneh W. S.*, 2026 WL 1801140, at *3.

## II. Due Process Claims

Next are Santiago's Fifth Amendment due process claims. It is well established that the "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (collecting cases). And a person's "interest in being free from physical detention by [the] government" is "the most elemental of liberty interests" protected by the Due Process Clause. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "The core of due process is the right to notice and a meaningful opportunity to be heard" when the government seeks to deprive the individual of a protected liberty interest. *LaChance v. Erickson*, 522 U.S. 262, 266 (8th Cir. 1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). An "elementary and fundamental requirement of due process" is that notice be "reasonably calculated" to inform a person of the availability of "an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Government argues that Santiago is properly detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing in accordance with the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). ECF No. 5 at 11–15, 20. Santiago claims that he is detained under 8 U.S.C. § 1226(a), so he is entitled to a bond hearing. ECF No. 6 at 4–7. Even assuming the Government is correct that Santiago is detained under Section 1225(b)(2), Santiago is not precluded from asserting due process claims and seeking a bond hearing. *See Jesus Alejandro G. A. v. Blanche*, No. 26-cv-1932 (LMP/ECW), 2026 WL 1383138, at *5–12 (D. Minn. May 18, 2026), *vacated on other grounds by* ECF No. 21 (D. Minn. May 21, 2026) (granting bond hearing to noncitizen detained under Section 1225(b)(2)).

This Court has determined that detention during the pendency of removal proceedings implicates a noncitizen's protected liberty interests. *Delvyn Mario A. C. v. Tollefson*, No. 26-cv-3936 (LMP/EMB), 2026 WL 3060444, at *1 (D. Minn. Oct. 13, 2026). The Due Process Clause therefore requires that a noncitizen be afforded adequate procedural protections before the Government deprives him of those protected liberty interests. A bond hearing consistent with 8 C.F.R. § 1003.19(d) is adequate to safeguard protected liberty interests without imposing a substantial burden upon the Government. *See Jesus Alejandro G. A.*, 2026 WL 1383138, at *11–13 (reaching this conclusion). Accordingly, Santiago is entitled under the Due Process Clause to the opportunity to

present his arguments at an individualized bond hearing,[8] and his habeas petition is granted insofar as he requests such a hearing.[9]

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Santiago I. G.'s Verified Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

   a. The Government is **ORDERED** to provide Santiago I. G. with a bond redetermination hearing, consistent with 8 C.F.R. § 1003.19(d) no later than **5:00 p.m. on November 24, 2026.** This deadline may be waived by Santiago I. G.'s consent;

   b. The Government shall give Santiago I. G.'s counsel 48 hours' notice of his bond hearing. Santiago's attorney is Maria Miller (maria@martin-law.com) of Martin Law in Bloomington, Minnesota; and

   c. The Government is **ORDERED** to file a status report certifying its compliance with this Order no later than **5:00 p.m. on November 25, 2026**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 17, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[8] Santiago seeks a hearing in front of a "neutral adjudicator" and an order requiring that "the government bears the burden of proof to justify [his] detention." ECF No. 1 ¶ 9. This Court has determined that a bond hearing conducted by an immigration judge satisfies due process. *Jose Guillermo B. R. v. Blanche*, No. 26-cv-3599 (LMP/ECW), 2026 WL 2665614, at *4 (D. Minn. Sept. 10, 2026). The Court sees no reason to depart from that conclusion by prescribing additional requirements here.

[9] Because Santiago succeeds on his due process claim, the Court will not address Santiago's Administrative Procedure Act claims.